IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

DELENA C. POYTHRESS

     Plaintiff,

v.

DOLLAR GENERAL CORPORATION and
JOHN DOES 1-5,

     Defendant.

CIVIL ACTION
FILE NO.  21SV0516E

## PLAINTIFF DELENA C. POYTHRESS' RESPONSE TO DEFENDANT'S FIRST INTERROGATORIES

COMES NOW, Plaintiff DELENA C. POYTHRESS in the above-styled action and hereby responds to Defendant's First Interrogatories tc Plaintiff as follows:

1.

What is your full name, date of birth, present address and social security number?

RESPONSE: Delena Chiante Poythress, DOB 05/19/1974. Plaintiff's present address is 7 Burch Avenue, Newnan, GA 30263. SSN to be announced at deposition if necessary.

2.

State the full name of your spouse, if any, at the time of the incident giving rise to this lawsuit, your spouse at the present time, and give the name and ages of all your children.

RESPONSE: Arthur L. Poythress. Plaintiff's children are grown and no longer live in her home except for Janika Poythress, 27 years old.

3.

State specifically and in reasonable detail how the incident which is the basis of your lawsuit in this matter occurred, including the exact date, time and manner of your alleged fall as well as identifying all items you were carrying in your hands or on your person at the time of the alleged fall.

RESPONSE:  Plaintiff was walking in the parking lot of Newnan Dollar General Store No. 15035 on November 3, 2019. As Plaintiff attempted to step up from the parking lot onto the sidewalk in front of the store, her right foot caught a ragged and chipped/damaged portion of the sidewalk causing her to trip and fall on the hard cement. As she tripped, Plaintiff tried to maintain her balance but fell down impacting both of her knees and landing on both outstretched arms. At the time of the incident, Plaintiff was not carrying anything in her arms/hands.

4.

Please identify all persons that to your knowledge, information or belief:

(a) Were eyewitnesses to the incident giving rise to this lawsuit;

(b) Have relevant knowledge concerning the incident giving rise to this lawsuit, any issue of liability in this lawsuit or the damages you claim in connection with this lawsuit, who were not identified in sub-part (a).

(a) and (b)

| | |
|---|---|
| Plaintiff Delena Poythress<br>7 Burch Avenue<br>Newnan, GA 30263 | Connie Alford<br>A patron of Dollar General who may have seen Plaintiff fall, and who assisted Plaintiff after she fell. Address unknown, but Ms. Alford's contact information may be on any Incident Report written by the Newnan Dollar General Store. |
| Jessica Rhodes, Manager (on duty)<br>Dollar General<br>99 MLK Drive, Newnan, GA 30263<br>Ms. Rhodes was the manager on duty to whom the subject incident was reported. | Anderra Spencer, Store Manager<br>Marcus Bush, District Manger<br>Dollar General<br>99 MLK Drive, Newnan, GA 30263<br>Ms. Spencer and Mr. Bush were the Manager/District Managers in charge at the time of the incident. |
| Joseph Lester, M.D.<br>Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265<br>ER physician that treated Plaintiff after the subject incident. | David Brcka, MD/Joshua Howard PAC<br>Virginia Jones, MD/ Shorrod McClain PAC<br>OrthoAtlanta<br>354 Newnan Crossing Bypass, Ste 200<br>Newnan, Georgia 30265<br>Doctors and providers who provided care and treatment in connection with Plaintiff's right knee and wrist injuries. |

| | |
|---|---|
| Shawnte M. Hall Kraft MD.<br>Piedmont Physicians at White Oak<br>1825 Highway 34 East, Suite 3000<br>Newnan, GA 30265<br>Plaintiff's PCP. | Drayer Physical Therapy<br>Multiple therapists<br>47 Postal Pkwy<br>Newnan, Georgia 30263<br>Plaintiff participated in physical therapy in connection with her injuries. |

5.

Please identify each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit.

RESPONSE: Plaintiff objects to this interrogatory on the grounds as it is early in the discovery process, and Plaintiff is without sufficient knowledge to fully respond.  Subject to this objection, and without waiving same, Plaintiff reported the subject incident to the manager on duty, Jessica Rhodes, so Plaintiff assumes that the Newnan Dollar General may have a report with written statements with regard to the subject incident.

6.

Identify all persons who, to your knowledge, information or belief have investigated any aspect of the occurrence which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

RESPONSE:

| | |
|---|---|
| Garrett Coleman, Claims Representative<br>Dollar General Corporation<br>P.O. Box 1728<br>Goodlettsville, Tennessee 37070 | Jessica Rhodes, Manager (on duty)<br>Dollar General<br>99 MLK Drive, Newnan, GA 30263<br>Ms. Rhodes was the manager on duty to whom the subject incident was reported. |
| Anderra Spencer, Store Manager<br>Marcus Bush, District Manger<br>Dollar General<br>99 MLK Drive, Newnan, GA 30263<br>Ms. Spencer and Mr. Bush were the Manager/District Managers in charge at the time of the incident. | |

Plaintiff is without knowledge sufficient to answer whether or not the above persons made reports with regard to the subject incident.

7.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, any other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

RESPONSE:  Plaintiff's attorney is in possession of photos taken the area outside of the Newnan Dollar General Store where Plaintiff fell as well of photos of Plaintiff soon after the fall with her injured knee and ankle.

8.

Please identify each expert expected to testify at trial and state the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

RESPONSE:   At this time Plaintiff has not retained an expert, but Plaintiff's treating medical providers may be called to testify as experts at trial. Should an Expert be retained, Plaintiff will supplement this answer as needed.

9.

Please state whether you have ever been convicted of, or plead guilty to, any felony or crime involving moral turpitude. If the answer is affirmative, please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.

RESPONSE:  Plaintiff objects to this Interrogatory on the grounds that it is irrelevant and not calculated to lead to discoverable evidence, subject to these objections, and without waiving same, none.

10.

During the 24-hour period prior to the occurrence giving rise to this lawsuit, did you consume any alcoholic beverages, medicine or drugs of any kind? If the answer is affirmative, please state precisely the type of alcoholic beverage, medicine or drug consumed, the amount consumed, the time(s) at which it was consumed and the name, address and telephone number of all persons who have relevant knowledge about your consumption of the substances.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is over broad and unduly burdensome.  Subject to these objections, and without waiving same, Plaintiff takes the medications Fycompa for seizures and Amlodipine for blood pressure daily, and would have taken her medications the day before as well as the day of the subject incident. These medications do not make Plaintiff trip and fall. Plaintiff did not drink alcohol in the 24-hour period leading up to the subject incident.

11.

With respect to all insurance benefits available to you for treatment by any doctor, hospital, osteopath, psychiatrist, psychologist, chiropractor or other practitioner of the healing arts as a result of the incident that is the subject of this litigation, (e.g. health insurance, worker's compensation, medical payments policies, etc.) please state:

(a) the name and address of the provider of benefits;

(b) the amount of the payments by each provider;

(c) the person or entity to whom the payments were made;

(d) the claim number, policy number or applicable reference number with regard to each payment; and

(e) whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

(a)-(d) RESPONSE: Plaintiff objects to Interrogatory No. 11 a-d on the grounds that it seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence in violation of the collateral source rule. Subject to these objections, and without waiving same, Plaintiff is a Medicare/Medicaid recipient, and Medicare has paid most or part of Plaintiff's medical expenses associated with the injury she sustained in the subject incident.

(e) RESPONSE: Plaintiff's attorney has notified Medicare and has received a Conditional Payment Letter.

12.

If you were eligible for or did receive any benefits from any governmental entity, such as Medicare or Medicaid, etc., as a result of the incident that is the subject of this litigation, please state:

(a) the name and address of the provider of benefits;

(b) the amount of the payments by each provider;

(c) the person or entity to whom the payments were made;

(d) the claim number, policy number or applicable reference number with regard to each payment; and

(e) whether you or anyone acting on your behalf, specifically including but not limited to your attorney(s), has received notice, written or verbal, of any liens or rights of recovery asserted by said provider of benefits.

RESPONSE (a)-(d): Plaintiff objects to Interrogatory No. 12 a-d on the grounds that it seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence in violation of the collateral source rule. Subject to these objections, and without waiving same, Plaintiff is a Medicare/Medicaid recipient, and Medicare has paid most or part of Plaintiff's medical expenses associated with the injury she sustained in the subject incident.

(e) RESPONSE: Plaintiff's attorney has notified Medicare and has received a Conditional Payment Letter.

13.

Please identify all accidents, occurrences or incidents in which you received mental or bodily injuries **prior to the occurrence** giving rise to this lawsuit—specifically including but not limited to all work-related and/or sports injuries—and describe the bodily or mental injuries, if any, which you received in such other accidents or incidents.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not limited in scope or time.

- 10/03/1995 Plaintiff and her husband Arthur Lewis Poythress were involved in a car wreck on Highway 54 in Peachtree City, Georgia with Defendant Jeri-Anne Phelps. To the best of her recollection Plaintiff had complaints of back pain after the wreck and treated at Piedmont Newnan and also received some chiropractic treatment. Due to the time that has passed, Plaintiff cannot recall the name of the chiropractor.

- 2015 or 2016 Plaintiff was in a T-bone style car wreck in Newnan, Coweta County, Georgia. Plaintiff sustained back pain and injuries, and had a seizure and treated at Piedmont Newnan Hospital. Additionally, Plaintiff received chiropractic treatment at Georgia Chiropractic Associates in Newnan, GA and treated with Newnan Neurology in

connection with her seizure.  Plaintiff cannot recall the insurance company with whom she

settled, but believes the claim was settled prior to filing a lawsuit.

- Multiple visits Piedmont Newnan Hospital ER: Plaintiff is disabled and has frequent seizures for which she has to seek treatment at the hospital, and typically she seeks treatment at Piedmont Newnan Hospital in Newnan, GA.

14.

Please identify all accidents, occurrences or incidents in which you received mental or

bodily injuries **subsequent to the occurrence** giving rise to this lawsuit and describe the bodily

or mental injuries, if any, which you received.

RESPONSE:  Aside from the subject incident, Plaintiff fell sometime between February

2021 and April 2021 where her right knee gave out causing her to fall in her bathtub at home.

Plaintiff didn't seek treatment in connection with this fall, but addressed it with Dr. Brcka at

OrthoAtlanta at her April 2, 2021 visit.

15.

Please identify and explain in detail, to the best of your ability, all injuries you claim to

have received as a result of the incident giving rise to this lawsuit and indicate what injuries you

are, at present, suffering from and the manner and extent of your current suffering.

RESPONSE: Plaintiff sustained right wrist sprain, left and right-hand contusions, right

knee contusion, and partial tear of the TFCC ligament, tearing involving the scapholunate

ligament, lateral meniscus tear, and complete tear of the posterior root of the meniscus. Plaintiff's

lateral meniscal repair failed, and Dr. Brcka has recommended a total knee arthroplasty for her

right knee.

16.

Please identify any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence which is the subject of this lawsuit, give the inclusive dates on which you were suffering or in pain, and give the names and addresses of all practitioners of the healing arts who have treated you for such injury, disease or difficulty.

RESPONSE: Plaintiff objects to this Interrogatory on the grounds that is unduly burdensome and unlimited in time. Subject to these objections, and without waiving same, Plaintiff has not had prior injuries to the same area of her body injured in the subject incident.

17.

State the names and addresses of all doctors, osteopaths, psychiatrists, psychologists, chiropractors and other practitioners of the healing arts who have treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

RESPONSE:

| PROVIDER | DOS |
|---|---|
| Joseph Lester, M.D.<br>Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 11/03/19 - 01/28/20 |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/03/20 |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/10/20 |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/28/20 |
| OrthoAtlanta<br>David Brcka MD/Joshua Howard PAC<br>Virginia Jones, MD/ Shorrod McClain PAC<br>354 Newnan Xing Bypass Ste200<br>Newnan, Georgia 30265 | 11/08/19-04/02/21 |
|  |  |

| | |
|---|---|
| Outpatient Imaging<br>60 Oak Hill Boulevard, Suite 101<br>Newnan, Georgia 30265 | 05/23/20;02/04/21 |
| Shawnte M. Hall Kraft MD.<br>Piedmont Physicians at White Oak<br>1825 Highway 34 East, Suite 3000<br>Newnan, GA 30265 | 11/2019-01/13/20 |
| Drayer Physical Therapy<br>47 Postal Pkwy<br>Newnan, Georgia 30263 | 02/04/20-03/25/20 |

Plaintiff's attorney is in possession of medical records and bills for the above-referenced providers listed in Interrogatory No. 17 that contain written notes and reports in connection with Plaintiff's complaints and treatment. Plaintiff's medical records and bills are being produced along with her responses to Defendant's request for production of documents.

18.

Give the names and addresses of all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:

(a) For **any** treatment **after** the incident giving rise to this lawsuit; and

(b) For any treatment at **any time** to any area of the body in which you claim injury from this incident.

RESPONSE (a)

| PROVIDER | DOS | |
|---|---|---|
| Joseph Lester, M.D.<br>Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 11/03/19 | Incident related emergency treatment |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/03/20 | Check for DVT/surgical clearance |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/10/20 | Unrelated mammogram |
| Piedmont Newnan Hospital<br>745 Poplar Road<br>Newnan, Georgia 30265 | 01/28/20 | Surgery center for incident related right knee surgery |
| | | |

| | | |
|---|---|---|
| OrthoAtlanta<br>David Brcka MD/Joshua Howard PAC<br>Virginia Jones, MD/ Shorrod McClain PAC<br>354 Newnan Xing Bypass Ste200<br>Newnan, Georgia 30265 | 11/08/19-04/02/21 | Treatment for right knee and wrist injuries. Right knee surgeon (Dr. Brcka). Also treated with this provider in connection with a unrelated mass on wrist. |
| Outpatient Imaging<br>60 Oak Hill Boulevard, Suite 101<br>Newnan, Georgia 30265 | 05/23/20;02/04/21 | MRI Right knee/CT of Right Knee |
| Shawnte M. Hall Kraft MD.<br>Piedmont Physicians at White Oak<br>1825 Highway 34 East, Suite 3000<br>Newnan, GA 30265 | 11/2019 (unrelated)<br>01/13/20 (related) | Plaintiff's PCP-unrelated visit regarding BP issues. Dr. Kraft cleared Plaintiff for right knee surgery. |
| Drayer Physical Therapy<br>47 Postal Pkwy<br>Newnan, Georgia 30263 | 02/04/20-03/25/20 | Post-surgical physical therapy. |

RESPONSE  (b) Plaintiff objects to Interrogatory No. 18b as it is not limited in time and unduly burdensome. Notwithstanding said objections, to the best of Plaintiff's knowledge, in addition to those providers listed in 18a, Plaintiff has not treated for knee and wrist injuries with any other providers.

19.

Please itemize all special damages which you have incurred (or others have incurred on your behalf) as a result of the occurrence giving rise to this lawsuit, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim to have incurred as a result of this occurrence.

RESPONSE:

| | PROVIDER | DOS | CHARGES |
|---|---|---|---|
| 1. | Piedmont Newnan Hospital | 11/03/19 - 01/28/20 | $43,261.23 |
| 2 | Coweta Emergency Group | 11/03/19 &<br>11/04/19 | $ 2,089.00 |
| 3. | Piedmont Radiology | 11/03/19 - 02/12/20 | $ 346.02 |

| 4. | OrthoAtlanta | 11/08/19-04/02/21 | $18,311.00 |
| 5. | Piedmont Physicians White Oak | 01/13/20 | 0.00 |
| 6. | Drayer PT | 02/04/20-03/25/20 | $3,587.25 |
| 7. | Outpatient Imaging | 05/23/20;02/04/21 | $2,055.00 |
| 8. | American Anesthesiology Associates | 01/28/20 | $3,024.00 |
| | **Total Medical Specials:** | | **$72,673.50** |

20.

For any lost wage or salary claim that you make, please state the name, address and phone number of your employer at the time of the occurrence, the name of your supervisor, the dates you were unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you were unable to work.

RESPONSE: Plaintiff is not making a lost wage claim.

21.

Please state the specific purpose for which Plaintiff was on the premises at the time of the incident complained of in Plaintiff's Complaint for Personal Injuries and Damages.

RESPONSE: Plaintiff was going to the Dollar General to purchase gloves and cups.

22.

Please list the number of occasions that you had previously walked through the area in which your alleged fall occurred: a) on November 3, 2019; b) during the 30 days preceding your alleged fall; and c) during the six months preceding your alleged fall.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to these objections, and to the best of her knowledge, Plaintiff estimates that she visited the Dollar General in Newnan approximately twice monthly.

23.

If there was any defective condition, foreign substance, or foreign object in or on the area which caused or contributed to the Plaintiff's alleged fall, describe:

(a) the defective condition, foreign substance, or foreign object as fully as possible;

(b) how the area came to have such defective condition, foreign substance, or foreign object;

(c) to what extent the Plaintiff's injury was caused by such defective condition, foreign substance, or foreign object;

(d) any other factors or events which caused or contributed to the Plaintiff's injury; and

(e) whether any Defendant or any of their agents or employees knew of the defective condition, for how long each knew of it, and who told any Defendant of it.

RESPONSE: 23 a & c: The sidewalk of the Newnan Dollar General was damaged and crumbling, and was chipped. The chipped area created an uneven area making one susceptible to trip and fall. This is where Plaintiff caught her foot causing her to fall onto the hard cement onto her outstretched hands and her knees.

b. Plaintiff is without knowledge sufficient to answer Interrogatory No. 23b.

d. None.

e. Plaintiff is without knowledge sufficient to answer Interrogatory No. 23e, but Plaintiff states that Defendant knew or should have known of the defective sidewalk near Defendant's front door, and Defendant should have taken reasonable steps to correct that defect and make the premises safe for its customers.

24.

State all factors or events which you believe caused or contributed to your alleged fall.

RESPONSE:  Defendant's negligence in failing to maintain their sidewalk, which was damaged, crumbling, and dented.  The chipped portion of the sidewalk created an uneven area which caused Plaintiff to trip and fall.

25.

Please describe with specificity every personal injury claim you have made or personal injury lawsuit you have filed, including the date of the injury, the date of the claim, the type of injury, the person or entity against whom you made the claim, or filed the lawsuit and the disposition of the claim or lawsuit.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to discoverable evidence, and not limited in time. Subject to these objections, and without waiving same:

- 10/03/1995 Plaintiff and her husband Lewis Poythress were involved in a car wreck on Highway 54 in Peachtree City, Georgia with Defendant Jeri-Anne Phelps. To the best of her recollection Plaintiff had complaints of back pain after the wreck and treated at Piedmont Newnan and also received some chiropractic treatment. Due to the time that has passed, Plaintiff cannot recall the name of the chiropractor.

- 2015 or 2016 Plaintiff was in a T-bone style car wreck in Newnan, Coweta County, Georgia. Plaintiff sustained back pain and injuries, and had a seizure and treated at Piedmont Newnan Hospital. Additionally, Plaintiff received chiropractic treatment at Georgia Chiropractic Associates in Newnan, GA and treated with Newnan Neurology in connection with her seizure. Plaintiff cannot recall the insurance company with whom she settled, but believes the claim was settled prior to filing a lawsuit.

- 12/07/2000 Plaintiff filed suit for damages in the Superior Court of Coweta County against Deputy Patrick Simmons and Deputy Callahan of the Coweta County Sheriff's Office and Coweta County in connection a wrongful arrest in 1998. The case was dismissed without settlement.

26.

For each claim or lawsuit, described above, identify all doctors, osteopaths, psychiatrists, psychologists, chiropractors, hospitals, infirmaries, clinics, sanitariums, nursing homes, asylums, and other practitioners, of the healing arts who treated you for each of those claims or lawsuits, listing the dates of each visit.

RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not limited in time.  Subject to these objections, and without waiving same:

- Multiple visits, but also specifically for her injuries from her 1995 wreck and 2015 wreck, Piedmont Newnan Hospital.

- Multiple visits in 2015 or 2016 Georgia Chiropractic Associates in Newnan, GA in connection with her 2015/16 car wreck.

- Multiple visits 2015/16 Newnan Neurology in connection with her 2015/16 wreck.

27.

If you claim that a foreign substance or object caused you to fall, state whether any other persons saw the foreign substance/object or whether you told any other person about it. If so, identify those persons.

RESPONSE: N/A

28.

On what date did you first consult an attorney regarding the incident described in your Complaint for Personal Injuries and Damages? (This Interrogatory does not ask for the contents of any privileged attorney-client communications.)

RESPONSE: November 11, 2019.

29.

On what date did you first consult a physician, counselor, or other practitioner of the healing arts about the injuries described in your Complaint for Personal Injuries and Damages?

RESPONSE:  Plaintiff went to the ER at Piedmont Newnan Hospital on the day of the subject incident, November 3, 2019.

30.

Please provide all the addresses at which you have lived during the past ten (10) years.

RESPONSE: 5 Burch Avenue and 7 Burch Avenue, Newnan, GA 30263

31.

If you have ever filed a workers' compensation claim, please provide the following:

(a) the name and address of the provider of benefits;

(b) the amount of the payments by each provider;

(c) the person or entity to whom the payments were made; and

(d) the claim number, policy number or applicable reference number with regard to each payment.

RESPONSE: Plaintiff objects to this interrogatory as it is over broad and not limited in time. Subject to these objections, and without waiving same, to the best of her recollection, Plaintiff filed a Workers Compensation claim sometime in the early 2000's when she was employed at the Pet Smart Warehouse. Plaintiff cannot recall the amount of payments received, provider of benefits, or claim number.

32.

Have you, or has someone on your behalf, made any assignment to any physician, health care facility, chiropractor, physical therapist or other provider of the healing arts?

RESPONSE: None.

33.

Please list all medical bills incurred for treatment that you contend was caused by the incident at issue in your Complaint for Personal Injuries and Damages that have not been fully paid.

RESPONSE:  Plaintiff does not have unpaid medical expenses as a result of the incident.

34.

Please identify all persons or organizations which paid all or some of your medical bills incurred as a result of the incident at issue in your Complaint for Personal Injuries and Damages.

Plaintiff objects to Interrogatory No. 34 on the grounds that it seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence in violation of the collateral source rule. Subject to these objections, and without waiving same, Medicare has paid most or part of Plaintiff's medical expenses associated with the injury she sustained in the subject incident.

35.

Please identify and describe the shoes you were wearing at the time of the subject incident, including but not limited to the type, heel, material, brand, when purchased and whether you still have the shoes in your possession.

RESPONSE: Flat shearling Ugg-style boots.

36.

Please fully identify every job you have held since November 3, 2009, including the name and contact information for each employer, job title, job description, name of your direct supervisor and reason for leaving.

RESPONSE:

- 2019 Kroger 48 Bullsboro Dr Newnan, GA (770) 251-4791, Cashier.  Couldn't work the hours required.

- 2016 KFC 3430 Highway 34E, Sharpsburg, GA 30277 (678) 423-7559 Cashier.  Plaintiff left due to pay issues.

- 2005 Pet Smart Warehouse. 570 International Park, Newnan, GA 30265 (770) 254-5600. Fired while out on disability.

37.

Please identify every cell phone or other mobile communications device that was in your possession at the time of the incident complained of in Plaintiff's Complaint for Personal Injuries and Damages, including the following for each device:

(a) Phone number;

(b) Service provider;

(c) Name and address of account holder;

(d) Exact location of the device at the time of the fall;

(e) Whether you were using the device in any way in the 5 minutes leading up to the fall;

(f) If the answer to subpart e. is yes, then specify how the device was being used and with whom you were communicating.

RESPONSE:

(a) 678.749.1118

(b) Android phone through either Metro PCS or Boost Mobile.

(c) Delena C. Poythress.

(d) Plaintiff left her phone in the car.

(e) Plaintiff objects to subpart e on the grounds as it is unduly burdensome.  A significant amount time has passed since the date of the subject incident and Plaintiff cannot recall

how she used her phone "in any way in the 5 minutes leading up to the fall." Subject to this objection and without waiving same, as stated in subpart d, Plaintiff had left her phone in the car, so the phone was not being used by or carried by Plaintiff at the time of the fall.

This 12th day of January, 2022.

D. Scott Cummins, Esq.
Attorney for Plaintiff
Georgia Bar No. 201810

**The Cummins Firm**
75 Jackson St., Building 400, Ste 402
Newnan, Georgia 30263
Phone: (678) 590.5590
Email: scott@thecumminsfirm.com

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

DELENA C. POYTHRESS

      Plaintiff,

v.

DOLLAR GENERAL CORPORATION and
JOHN DOES 1-5,

    Defendant.

CIVIL ACTION
FILE NO.  21SV0516E

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel to this action with a copy of the foregoing **Plaintiff's Responses to Defendant's First Interrogatories and Request for Production of Documents** in the above-styled case by electronically filing and emailing through PeachCourt/Odyssey and/or by depositing a copy of the same in the United States Mail with sufficient postage affixed to ensure delivery and properly addressed as follows

Erica Morton
SWIFT, CURRIE, MCGHEE & HIERS, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, Georgia 30309-3231

This 12th day of January, 2022.

D. SCOTT CUMMINS
Georgia Bar No.201810
Attorney for Plaintiff

**The Cummins Firm**
75 Jackson St., Building 400, Ste 402
Newnan, Georgia 30263
Phone: (678) 590.5590
Email: scott@thecumminsfirm.com

IN THE STATE COURT OF COWETA COUNTY
STATE OF GEORGIA

DELENA C. POYTHRESS

     Plaintiff,

v.

DOLLAR GENERAL CORPORATION and
JOHN DOES 1-5,

     Defendant.

CIVIL ACTION
FILE NO.   21SV0516E

## VERIFICATION

    I, DELENA C. POYTHRESS, verify that Plaintiff's Response to Defendant's First Interrogatories and First Request for Production of Documents and Notice to Produce to Plaintiff are true and correct to the best of my ability and knowledge.

_____
DELENA C. POYTHRESS

Sworn to and subscribed before me
this _____ day of _____, 2022.

_____
Notary Public

